**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**BOBBY-JEAN TAYLOR, ET AL.,**                                                                **PLAINTIFFS,**

**VS.**                                                 **CIVIL ACTION NO. 3:07CV162-P-A**

**WELLS FARGO MISSISSIPPI 2, INC.,
a/k/a WELLS FARGO FINANCIAL,**                                        **DEFENDANT.**

## ORDER COMPELLING ARBITRATION

These matters come before the court upon the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [16] and motion to compel arbitration [23]. After due consideration of the motions, the court finds as follows, to-wit:

The plaintiffs filed the instant action in the Circuit Court of Montgomery County, Mississippi on October 31, 2007. The defendant properly removed this action to federal court on December 7, 2007 based on federal diversity of citizenship jurisdiction.

The defendant filed its motion to dismiss on April 15, 2007. The plaintiffs' response deadline passed on May 2, 2008. However, the plaintiffs filed no response, nor did they seek permission from the court to do so. Uniform Local Rule 7.2(c)(3) requires a party to notify the court if it intends not to respond to a motion. Uniform Local Rule 7.2(c)(2) allows the court to grant a motion to which no response was filed.

Nevertheless, while their motion to dismiss was pending, the defendant also filed a motion to compel arbitration on November 9, 2008. The plaintiffs filed a response in which they state that they consent to arbitration. Accordingly, since the defendant exercised its contractual right to compel the plaintiffs' claims to arbitration, the court concludes that it would be improper for the court to exercise jurisdiction on the defendant's motion to dismiss. Thus, the court concludes that

the motion to dismiss should be denied without prejudice and the motion to compel arbitration should be granted.

The court observes a disturbing fact from the record. The plaintiffs are listed as Bobby-Jean Taylor, Mae-Nora Taylor, and "The Bishop." The Complaint, however, does not mention any particular involvement in a cause of action by "The Bishop" whose legal name is Ruben DeWayne. Rather, it is readily apparent that Mr. DeWayne is representing the Taylors, though he represents that he is acting *pro se*. The court admonishes Mr. DeWayne that he may represent himself *pro se*, but it is illegal for him to represent another person if he is not a licensed attorney. The court has searched the Mississippi Bar roll and did not find anyone licensed with the name "The Bishop" or Ruben DeWayne.

According to the Mississippi Supreme Court: "The practice of law includes the drafting or selection of documents, the giving of advice in regard to them, and the using of an informed or trained discretion in the drafting of documents to meet the needs of the person being served. So any exercise of intelligent choice in advising another of his legal rights and duties brings the activity within the practice of the legal profession." *Darby v. Miss. State Bd. of Bar Admissions*, 185 So.2d 684, 687 (Miss.1966).

Mississippi Code Annotated § 73-3-55 make it a crime to practice law without a license in Mississippi. The statute states in relevant part:

> It shall be unlawful for any person to engage in the practice of law in this state who has not been licensed according to law. Any person violating the provisions of this section shall be deemed guilty of a misdemeanor, and, upon conviction, shall be punished in accordance with the provisions of section 97-23-43. Any person who shall for fee or reward or promise, directly or indirectly, write or dictate any paper or instrument of writing, to be filed in any cause or proceeding pending, or to be instituted in any court in this state, or give any counsel or advice therein, or who shall write or dictate any bill of sale, deed of conveyance, deed of trust, mortgage,

contract, or last will and testament, or shall make or certify to any abstract of title or real estate other than his own or in which he may own an interest, shall be held to be engaged in the practice of law.

Miss. Code Ann. § 73-3-55 (2006).

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendant's motion to dismiss is **DENIED** without prejudice;

(2) The defendant's motion to compel arbitration is **GRANTED**; therefore,

(3) All of the plaintiffs' claims are hereby compelled to arbitration in accordance with the subject arbitration agreement;

(4) Ruben DeWayne, referring to himself as "The Bishop," shall immediately cease and desist from representing the Taylors in any way and shall discontinue practicing law without a license; and

(5) Since all of the claims are arbitrable, "retaining jurisdiction and staying the action will serve no purpose" and the plaintiffs' claims should be **DISMISSED WITHOUT PREJUDICE**. *Alford v. Dean Witter Reynolds, Inc.*, 975 Fo.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration."). .

**SO ORDERED** this the 9th day of January, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE